UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL KENNY and
ZAINE TEEPLE,

    Plaintiffs,

v.

SHERMAN CAMPBELL *et al.*,

    Defendants.
_____/

Case No: 23-12589

Honorable Nancy G. Edmunds
Magistrate Judge David R. Grand

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S APRIL 10, 2025 REPORT AND RECOMMENDATION [36], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [26], AND OVERRULING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER [39]**

Plaintiffs James Michael Kenny and Zaine Teeple (collectively "Plaintiffs"), both incarcerated persons, bring this pro se civil rights action under 42 U.S.C. § 1983 against Defendants Sherman Campbell, Lee McRoberts, Marcy Brockway, and Kelly Roark, each Michigan Department of Corrections ("MDOC") employees.[1] (ECF No. 9.) The matter is before the Court on Defendants' motion for summary judgment on the basis of exhaustion (ECF No. 26) and Plaintiffs' objection to the Magistrate Judge's order denying their motion for joinder of two defendants (ECF No. 37).[2] Plaintiffs filed a response to Defendants' motion (ECF No. 29) as well as an unauthorized sur reply and

---

[1] Plaintiff's complaint also included a Defendant Lawson, who this Court dismissed for Plaintiff's failure to state a claim against them. (ECF No. 11.)
[2] Plaintiffs' filing is titled "Memorandum of Law in Support of Motion for Joinder of Two Party Defendants" but was filed almost two weeks after the Magistrate Judge's order denying the motion. Therefore, the Court will construe and review it as an objection to the Magistrate Judge's order under Federal Rule of Civil Procedure 72(a).

1

"wildcard exhibit"[3] containing a declaration by Plaintiff Kenny (ECF Nos. 34; 35). Defendants filed a reply. (ECF No. 32.) All pretrial matters in this case have been referred to Magistrate Judge David R. Grand. (ECF No. 18.) Therefore, also before the Court is the Magistrate Judge's report and recommendation to grant Defendants' motion. (ECF No. 36.) Plaintiffs allege various constitutional violations related to their confinement conditions. (ECF Nos. 1; 9.) Defendants argue in their motion that summary judgment is appropriate because Plaintiffs failed to properly exhaust MDOC's administrative remedies before filing this suit. (ECF No. 26.)

The Magistrate Judge recommends granting Defendants' motion because Plaintiffs have not exhausted administratively available remedies nor produced evidence supporting their claims that MDOC's grievance system is broken to the extent its remedies are unavailable. (ECF No. 36, PageID.190-91.) For the reasons set forth below, the Court ACCEPTS and ADOPTS the Magistrate Judge's report and recommendation and GRANTS Defendants' motion for summary judgment.

I.      **Standard of Review: Defendants' Motion for Summary Judgment**

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d

---

[3] Both will be considered by the Court in reaching its conclusion as the Magistrate Judge did.

2

.
.
.

942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Additionally, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

Federal Rule of Civil Procedure 56(a) provides, "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is a genuine dispute of material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts look to the applicable substantive law to determine materiality as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will . . . preclude . . . summary judgment." *Id.* The moving party has an initial burden to inform

3

the court of the portions of the record "which it believes demonstrate the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322-23. To do so, the non-moving party must present enough evidence "on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Finally, the court "consider[s] all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *City of Wyandotte v. Consol. Rail. Corp.*, 262 F.3d 581, 585 (6th Cir. 2001).

Under the Prison Litigation Reform Act ("PLRA"), an inmate cannot bring an action under section 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court has held PLRA's exhaustion requirement "means using all steps that the [administrative] agency holds out, and doing so properly . . . ." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quotation marks omitted) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

**II.     Analysis**

Plaintiffs object to the Magistrate Judge's report because, according to them, he disregarded their evidence of MDOC's broken system in Plaintiff Kenny's declaration and did not follow controlling precedent in *Troche v. Crabtree*, 814 F.3d 795 (6th Cir. 2016), and *Ross v. Blake*, 578 U.S. 632 (2016). (ECF No. 40.) First, the Court notes Plaintiffs do not appear to dispute that they did not exhaust available administrative remedies and agrees with the Magistrate Judge there is no genuine dispute of this fact regardless. The Court also agrees with the Magistrate Judge that Plaintiffs have not

provided evidence supporting their assertions the grievance process is "worthless" or "brokendown [sic]" that establishes a genuine dispute over whether MDOC's administrative remedies are unavailable. Plaintiff Kenny's declaration does not provide any factual detail showing his grievances were wrongly denied at Step I or that appeals to Step II or III were unavailable for any reason.

Plaintiffs' arguments regarding *Troche* and *Ross* are also unavailing. In *Troche*, the plaintiff was not required to proceed through step three of Ohio's prison grievance procedure because the system did not allow appeals from step two to step three without a response to the step two appeal, and, where that plaintiff never received a response at step two, the remainder of Ohio's administrative remedies were unavailable. 814 F.3d at 800-01. Plaintiffs have not shown they face a similar catch-22.

*Ross* enumerates three examples of flaws in prison grievance systems that render their remedies unavailable: (1) where the relevant officials are "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that . . . no ordinary prisoner can discern or navigate it"; and (3) where inmates are prevented from "taking advantage of a grievance process through machination, misrepresentation, or intimidation." 578 U.S. at 643-44. Plaintiffs have not produced evidence that would allow a reasonable jury to find any of these examples are present or that MDOC's grievance procedure is unavailable for any other reason. Plaintiffs' several assertions and conclusions to the contrary are not sufficient, especially where there is no evidence Plaintiffs attempted to utilize any appeal steps provided by MDOC.

**III.    Standard of Review: Motion for Joinder**

Federal Rule of Civil Procedure 72(a) provides that, upon reviewing a magistrate judge's order on a non-dispositive matter, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. §636(b)(1)(A) (a judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

## IV. Analysis

Plaintiffs seek to add Governor Gretchen Whitmer and MDOC Director Heidi Washington to this action as defendants. (ECF No. 30.) The Magistrate Judge recommends denying the motion because it would be futile to do so given the same failure-to-exhaust analysis above would apply to these two individuals, and Plaintiffs have failed to state a claim upon which relief can be granted under section 1983 where Plaintiffs have not sufficiently alleged the individuals' personal involvement or a theory of *respondeat superior* for the alleged constitutional violations. (ECF No. 37.) Plaintiffs object by restating their conclusions that Governor Whitmer and Director Washington are responsible for the alleged harms by the nature of their supervisory and executive positions. (ECF No. 39.) The Court agrees with the Magistrate Judge on both grounds to deny Plaintiffs' motion. Plaintiffs have not sufficiently pled that either Governor Whitmer or Director Washington had knowledge of or were involved in carrying out any of the acts of which Plaintiffs complain.

## V. Conclusion

For the foregoing reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's April 10, 2025 report and recommendation. (ECF No. 36.) Plaintiffs' objections to

6

the report as well as their objections to the Magistrate Judge's April 10, 2025 order denying their motion for joinder are OVERRULED. (ECF Nos. 39; 40.) Accordingly, the Court GRANTS Defendants' motion for summary judgment (ECF No. 26) and DENIES Plaintiffs' motion for joinder (ECF No. 30).

SO ORDERED.

        s/ Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 12, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 12, 2025, by electronic and/or ordinary mail.

        s/ Marlena Williams
        Case Manager